E-FILED
Friday, 10 April, 2020 05:43:42 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TWIN CITY FIRE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| VONACHEN SERVICES, INC. and ANNASTASIA RODRIGUEZ, *individually and on behalf of all others similarly situated* | ) ) ) ) | |
| Defendant. | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, Twin City Fire Insurance Company ("Twin City"), by its attorney, Michael J. Duffy of Wilson Elser Moskowitz Edelman & Dicker LLP, and for its Complaint for Declaratory Judgment against Defendant, Vonachen Services, Inc. ("Vonachen"), states as follows:

## STATEMENT OF THE CASE

1.      This action seeks a declaration that Twin City owes no insurance coverage obligations to Vonachen in connection with a lawsuit styled *Annastasia Rodriguez, individually and on behalf of all others similarly situated v. Vonachen Services, Inc.*, Case No.: 2019-CH-12773, in the Circuit Court of Cook County, Illinois – Chancery Division (as amended, the "Underlying Action").

## PARTIES

2.      Twin City is an insurance company formed under the laws of the State of Indiana with its principal place of business in Connecticut.  Twin City conducts business in Illinois and within the geographical boundaries of this District.

3.     Vonachen is a corporation formed under the laws of the State of Illinois with its principal place of business in Peoria, Illinois.  Vonachen conducts business in Illinois and within the geographical boundaries of this District.

4.     Annastasia Rodriquez ("Rodriquez") is named herein only as an interested party because she is the putative class representative in the Underlying Action. Rodriquez is a citizen of Wisconsin.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00 exclusive of costs and interest and the parties are citizens of different states.

6.     Venue is proper in this District pursuant to 28 U.S.C. §1391 as the case concerns insurance coverage for a policy issued within the geographical boundaries of this District, Vonachen's principal place of business is within the geographical boundaries of this District, and the parties conduct business in this District.

## FACTS

7.     On November 1, 2019, Annastasia Rodriguez individually and on behalf of others similarly situated ("Claimant") commenced a putative class action lawsuit alleging violations of Illinois' Biometric Information Privacy Act ("BIPA"). The lawsuit originally named Caterpillar, Inc. ("Caterpillar") as a defendant and Vonachen as a Respondent in Discovery.

8.     On March 3, 2020, the Class Action Complaint in the Underlying Action was amended, dismissing the action against Caterpillar and converting Vonachen from a Respondent in Discovery to the only named defendant.  A copy of Claimant's Class Action Complaint, as amended, in the Underlying Action is attached hereto as **Exhibit A**.

9. The Underlying Action concerns Vonachen's alleged violations of certain statutory privacy rights under the BIPA, codified at 740 ILCS 14/1, *et seq*.

10. Twin City issued a Private Choice Premier Policy to Vonachen bearing policy number 83 KB 0336944-1919 with a policy period of May 17, 2019 to May 17, 2020 (the "Policy"). A copy of the Policy is attached as **Exhibit B**.

11. Subject to all of its terms, the Policy provides certain Directors, Officers And Entity Liability Coverage ("D&O"), in part, as follows:

## I. INSURING AGREEMENTS

*      *      *

### (C) Entity Liability (Elective)

> If Entity Liability Coverage is included in ITEM 5 of the Declarations, the Insurer shall pay **Loss** on behalf of an **Insured Entity** resulting from an **Entity Claim** first made against such **Insured Entity** during the **Policy Period** or Extended Reporting Period, if applicable, for a **Wrongful Act** by an **Insured Entity**.

> This Insuring Agreement shall be subject to the Entity Liability Coverage Retention and Prior or Pending Date in ITEM 5 of the Declarations.

*      *      *

## II. DEFINITIONS

The following terms, whether used in the singular or plural, shall have the meanings specified below:

- **"Claim"** means any:

    (1) **Insured Person Claim;**
    (2) **Entity Claim;**
    (3) **Derivative Demand.**

- **"Damages"** means the amounts, other than **Defense Costs**, that the **Insureds** are legally liable to pay solely as a result

3

of a **Claim** covered by this **Liability Coverage Part**, including:

**(1)** Compensatory damages;
**(2)** Settlement amounts;
**(3)** Pre- and post-judgment interest;
**(4)** Costs awarded pursuant to judgments;
**(5)** Regarding Insuring Agreement (D); **Investigation Costs**;
**(6)** Punitive and exemplary damages;
**(7)** The multiple portion of any multiplied damage award; or
**(8)** Where permissible by law, and notwithstanding sub-paragraph (a) below, civil penalties assessed against any **Insured Person** pursuant to Section 2(g)(2)(B) of the Foreign Corrupt Practices Act (15 U.S.C. §§ 78dd-2(g)(2)(B)).

However, **Damages** shall not include:

**(a)** Taxes, fines or penalties imposed by law, including, without limitation, **Data Privacy Regulatory Expenses;**
**(b)** Non-monetary relief;
**(c)** Any other matters uninsurable pursuant to any applicable law; provided, however, that with respect to punitive and exemplary damages, or the multiple portion of any multiplied damage award, the insurability of such damages shall be governed by the internal laws of any applicable jurisdiction that most favors coverage of such damages; or
**(d) Notification and Credit Monitoring Expenses**.
**(e) Costs incurred in testing for, abating, monitoring, cleaning**-up, removing, containing, treating, detoxifying or neutralizing **Pollutants**, nuclear material or nuclear waste.

\*      \*      \*

• **"Entity Claim"** means any:

**(1)** Written demand for monetary damages or other civil non-monetary relief commenced by the receipt of such demand;
**(2)** Civil proceeding, including an arbitration or other alternative dispute proceeding, commenced by the

4

service of a complaint, filing of a demand for arbitration, or similar pleading; or

**(3)** Criminal proceeding commenced by the return of an indictment, or formal administrative or regulatory proceeding commenced by the filing of a notice of charges, or similar document;

Against an **Insured Entity**.

**Entity Claim** also means a written request to an **Insured Entity** to toll or waive the statute of limitations regarding a potential **Entity Claim** as described above.  Such **Claim** shall be commenced by the receipt of such request.

**Entity Claim** also means any formal administrative or regulatory proceeding against an **Insured Entity**, commenced by the filing of a notice of charges, or similar document, but only while such proceeding is also pending against an **Insured Person**.[1]

\*       \*       \*

- **"Insured Person"** means any:

  **(1) Manager**[2]**;** or
  **(2) Employee.**

- **"Insured Person Claim"** means any:

  **(1)** Written demand for monetary damages or other civil non-monetary relief commenced by the receipt of such demand against an **Insured Person**;
  **(2)** Civil proceeding, including an arbitration or other alternative dispute proceeding, commenced by the service of a complaint, filing of a demand for arbitration, or similar pleading against an **Insured Person**;
  **(3)** Criminal proceeding commenced by the return of an indictment, or formal administrative or regulatory proceeding commenced by the filing of a notice of

---

[1]     Added by Endorsement No. 12, Form PP 00 H358 00 0417.
[2]     Pursuant to Endorsement No. 11, Form PP 00 H357 00 0417, **Manager**, for the purposes of the D&O Coverage Part, also means any **"Independent Contractor,"** but only under certain circumstances as detailed in this endorsement.

5

charges, or similar document against an **Insured Person**; or

**(4)** Formal civil, criminal, administrative or regulatory investigation of an **Insured Person** in which such **Insured Person** is being investigated pursuant to a Wells Notice, target letter (within the meaning of Title 9, §11.151 of the U.S. Attorney's Manual), subpoena or similar document, as someone against whom a proceeding as set forth above may be brought.

**Insured Person Claim** also means a written request to an **Insured Person** to toll or waive the statute of limitations regarding a potential **Insured Person Claim** as described above.  Such **Claim** shall be commenced by the receipt of such request.

Solely with regard to coverage provided under Insuring Agreement A, **"Insured Person Claim"** also means the service of a subpoena or other similar written request upon an **Insured Person** requiring the **Insured Person** to provide testimony or documents in connection with a covered **Claim**.  However, in such situation the Insurer shall pay the **Defense Costs** which are incurred solely by the **Insured Person** who received such subpoena or written request.

- **"Insured(s)"** means any:

    **(1) Insured Entity**; or
    **(2) Insured Person**.

    \*       \*       \*

- **"Wrongful Act"** means any actual or alleged:

    **(1)** Error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed by an **Insured Person** in their capacity as such or in their **Outside Capacity**, or, with regard to Insuring Agreement (C) an **Insured Entity**; or

    **(2)** Matter claimed against an **Insured Person**, solely by reason of their serving in such capacity, including service in an **Outside Capacity**.

6

**Wrongful Act** also includes a **Legal Services Wrongful Act**, which is only covered if elected on the Declarations.

\*       \*       \*

## IV. EXCLUSIONS APPLICABLE TO ALL INSURING AGREEMENTS

The Insurer shall not pay **Loss**:

\*       \*       \*

**(G)** in connection with any **Claim** brought or maintained by or on behalf of any **Insureds** (in any capacity) or any security holder of an **Insured Entity,** provided that this exclusion shall not apply to the portion of **Loss** directly resulting from:

**(1)** a civil proceeding by a security holder of an **Insured Entity**, in their capacity as such, that is brought and maintained without the solicitation, assistance, or active participation of any **Insured Entity** or **Manager**; or

**(2)** a **Derivative Action** or a **Derivative Demand**;

Note: **Whistleblowing** alone shall not be deemed solicitation, assistance or participation for purposes of paragraphs (1) and (2) above.

**(3)** an **Insured Person Claim** by or on behalf of an **Employee** who is not a past or present **Manager** if such **Claim** is made without the assistance, participation or solicitation of any **Manager**;

**(4)** an **Insured Person Claim** by or on behalf of a **Manager** for wrongful termination of such **Manager**;

**(5)** a civil proceeding by or on behalf of a former **Manager** who has not served in such capacity for at least one year prior to such **Claim** being made, provided that such **Claim** is made without the assistance, participation or solicitation of any current **Manager** or any former **Manager** who has served in such capacity during the one year prior to such **Claim** being made;

**(6)** a civil proceeding by or on behalf of an **Insured Person** for contribution or indemnification if such **Claim** directly

7

results from a **Claim** that is otherwise covered under this **Liability Coverage Part**;

**(7)** an **Insured Person Claim** brought and maintained in a jurisdiction outside the United States of America, Canada, Australia or any other common law country (including territories thereof) by a **Manager** due to a pleading requirement of such jurisdiction; or

**(8)** a civil proceeding by any bankruptcy trustee, examiner, receiver, liquidator, creditor(s) committee of the **Insured Entity** or rehabilitator (or any assignee thereof) after such bankruptcy trustee, examiner, receiver, liquidator or rehabilitator has been appointed;

**(9)** a civil proceeding as a result of **Whistleblowing,** however, notwithstanding (G)(5) above, this carve back shall not apply if such whistleblower is a **Manager** and the proceeding is brought against the **Insured Entity**;

\*       \*       \*

## V. EXCLUSIONS APPLICABLE TO INSURING AGREEMENT (C)

**(A)** The Insurer shall not pay **Loss** under Insuring Agreement (C) in connection with any **Claim** based upon, arising from, or in any way related to any actual or alleged:

\*       \*       \*

**(2)** employment-related **Wrongful Act**;

\*       \*       \*

**(4)** false arrest or imprisonment, abuse of process, malicious prosecution, defamation (including libel and slander), invasion of privacy, trespass, nuisance or wrongful entry or eviction, assault, battery or loss of consortium;

\*       \*       \*

12.    The Policy's Common Terms and Conditions provides, in part:

## X. INTERRELATIONSHIP OF CLAIMS

Solely with respect to all **Liability Coverage Parts**:

8

All **Claims** based upon, arising from or in any way related to the same **Wrongful Act** or **Interrelated Wrongful Acts** shall be deemed to be single **Claim** for all purposes under this Policy first made on the earliest date that:

(A) any of such **Claims** was first made, regardless of whether such date is before or during the **Policy Period**:

(B) notice of any **Wrongful Act** described above was given to the Insurer under this Policy pursuant ot the section titled NOTICE OF CLAIM found in the applicable **Liability Coverage Pa**rt; or

(C) notice of any **Wrongful Act** described above was given under any prior management liability insurance policy if such notice is accepted under such other policy.

13.     The Policy's Common Terms and Conditions provides:

"**Interrelated Wrongful Acts**" means **Wrongful Acts** that have as a common nexus any fact, circumstance, situation, event or transaction, or series of causally connected facts, circumstances, situations, events, or transactions.

14.     Subject to all its terms, the Policy also has Employment Practices Liability Coverage ("EPL"), stating, in part:

**I.  INSURING AGREEMENTS**

**(A) Employment Practices Liability**

The Insurer shall pay **Loss** on behalf of the **Insureds** resulting from an **Employment Practices Claim** first made against **Insureds** during the **Policy Period** or Extended Reporting Period, if applicable, for an **Employment Practices Wrongful Act** by the **Insureds.**

*       *       *

**II. DEFINITIONS**

The following terms, whether used in the singular or plural, shall have the meanings specified below:

*       *       *

- **"Claim"** means any:

**(1) Employment Practices Claim**; or
**(2) Third Party Claim**.

- **"Damages"** means the amounts, other than **Defense Costs**, that the **Insureds** are legally liable to pay solely as a result of a **Claim** covered by this **Liability Coverage Part**, including:

  **(1)** Compensatory damages, including front pay and back pay award;
  **(2)** Settlement amounts;
  **(3)** Pre- and post-judgment interest;
  **(4)** Costs awarded pursuant to judgments, including any **Training Costs** provided, however, that coverage for **Training Costs** is conditioned upon such **Loss** being subject to the Training Costs Sub-limit specified in ITEM 5 of the Declarations, said Training Costs Sub-Limit being part of, and not in addition to, the Aggregate Limit of Liability for this **Liability Coverage Part;**
  **(5)** Punitive and exemplary damages;
  **(6)** The multiple portion of any multiplied damage award; or
  **(7)** Liquidated damages under the Age Discrimination in Employment Act, the Family and Medical Leave Act and the Equal Pay Act.

  However, **Damages** shall not include:

  **(a)** Taxes, fines or penalties imposed by law;
  **(b)** Non-monetary relief;
  **(c)** **Benefits**;
  **(d)** Future compensation for any person hired, promoted, or reinstated pursuant to a judgment, settlement, order or other resolution of a **Claim**;
  **(e)** **Stock Benefits**;
  **(f)** Costs associated with providing any accommodations required by the Americans with Disabilities Act or any similar law; (other than **Training Costs**); or
  **(g)** Any other matters uninsurable pursuant to any applicable law; provided, however, that with respect to punitive and exemplary damages, or the multiple portion of any multiplied damage award, the insurability of such damages shall be governed by the internal laws of any applicable jurisdiction that most favors coverage of such damages.

10

- **"Employee Data Privacy Wrongful Act"** means:

  **(1)** The failure to prevent any unauthorized access to or use of data containing **Private Employment Information** of any **Employee** or applicant for employment with the **Insured Entity** including any such failure that directly results in a violation with respect to the privacy of such **Employee's** or applicant's medical information under the Health Insurance Portability and Accountability Act or credit information under the Fair Credit Reporting Act; or

  **(2)** The failure to notify any **Employee** or applicant for employment with the **Insured Entity** of any actual or potential unauthorized access to or use of **Private Employment Information** of any **Employee** or applicant for employment with the **Insured Entity**, if such notice was required by state or federal regulation or statute.

- **"Employment Practices Claim"** means any of the following if made by or on behalf of an **Employee**, an applicant for employment with an **Insured Entity**, or an **Independent Contractor**:

  **(1)** Written demand for monetary damages or other civil non-monetary relief commenced by the receipt of such demand, including, without limitation, a written demand for employment reinstatement;

  **(2)** A civil proceeding, including an arbitration or other alternative dispute proceeding, commenced by the service of a complaint, filing of a demand for arbitration, or similar pleading;

  **(3)** A formal administrative or regulatory proceeding, including, without limitation, a proceeding before the Equal Employment Opportunity Commission or similar governmental agency, commenced by the **Insured's** receipt of a notice of charges, formal investigative order or similar document, or by the **Insured's** having evidence of a filing related thereto; or

  **(4)** A criminal proceeding commenced by the return of an indictment or similar document.

  **Employment Practices Claim** also means:

11

(a) The receipt of a notice of violation, order to show cause, or a written demand for monetary or injunctive relief that is the result of an audit conducted by the U.S. Office of Federal Contract Compliance Programs.

(b) A written request to the **Insureds** to toll or waive the statute of limitations regarding a potential **Employment Practices Claim** as described above. Such **Claim** shall be commenced by the receipt of such request.

However, **Employment Practices Claim** shall not include any labor or grievance proceeding or arbitration that is subject to a collective bargaining agreement.

- **"Employment Practices Wrongful Act"** means any:

(1) Wrongful dismissal, discharge, or termination of employment (including constructive dismissal, discharge, or termination), wrongful failure or refusal to employ or promote, wrongful discipline or demotion, failure to grant tenure, negligent employment evaluation, or wrongful deprivation of career opportunity;

(2) Sexual or other workplace harassment, including bullying in the workplace, quid pro quo and hostile work environment;

(3) Employment discrimination, including discrimination based upon age, gender, race, color, national origin, religion, creed, marital status, sexual orientation or preference, gender identity or expression, genetic makeup, or refusal to submit to genetic makeup testing, pregnancy, disability, HIV or other health status, Vietnam Era Veteran or other military status, or other protected status established under federal, state, or local law, including any such discrimination as a result of disparate treatment;

(4) **Retaliation**;

(5) Breach of any oral, written, or implied employment contract, including, without limitation, any obligation arising from a personnel manual, employee handbook, or policy statement;

(6) Employment-related defamation (including libel and slander) or misrepresentation;

12

**(7)** Employment-related violation of the Age Discrimination in Employment Act, the Family and Medical Leave Act and the Equal Pay Act; or

**(8)** Violation of the Uniformed Services Employment and Reemployment Rights Act.

**Employment Practices Wrongful Act** also means the following, but only when alleged in addition to or as part of any **Employment Practices Wrongful Act** described above:

**(a)** An employment-related wrongful infliction of mental anguish or emotional distress;

**(b)** The failure to create, provide for or enforce adequate or consistent employment-related policies and procedures;

**(c)** The negligent retention, supervision, hiring or training of **Employees** or **Independent Contractors**;

**(d)** Employment-related: false arrest or imprisonment;

**(e)** An employment-related invasion of privacy, including without limitation, an **Employment Data Privacy Wrongful Act**; or

**(f)** The breach of an **Independent Contractor Agreement**.

- **"Independent Contractor"** means any natural person working in the capacity of an independent contractor pursuant to an **Independent Contractor Agreement.**

- **"Independent Contractor Agreement"** means any express contract or agreement between an **Independent Contractor** and an **Insured Entity** specifying the terms of the **Insured Entity's** engagement of such **Independent Contractor**.

- **"Insured Person"** means any:

**(1) Employee**

**(2) Manager;** or

**(3) Independent Contractor** but only

**(a)** While she/he is acting on behalf of an **Insured Entity**; and

13

(b) If and to the extent that the **Insured Entity** agrees to indemnify him/her in the same manner as the **Insured Entity's Employees** for liability for **Loss**.

- **"Insureds"** means any **Insured Entity** or **Insured Person**.

\*       \*       \*

**"Private Employment Information"** means any information regarding an **Employee** or applicant for employment with the **Insured Entity**, which is collected or stored by an **Insured** for the purposes of establishing, maintaining or terminating an employment relationship.

- **"Retaliation[3]"** means adverse treatment of an **Employee** or **Independent Contractor** based upon any **Employee** or **Independent Contractor**:

(1) Exercising any rights under law, including, without limitation, rights under any workers compensation laws, the Family Medical Leave Act, **ERISA**, or the Americans with Disabilities Act;
(2) Refusing to violate any law;
(3) Assisting, testifying, or cooperating with a proceeding or investigation regarding alleged violations of law by any **Insured**;
(4) Disclosing or threatening to disclose alleged violations of law to a superior or to any governmental agency; or
(5) Filing any "whistle blower" claim against any **Insured** under the federal False Claims Act, the Sarbanes-Oxley Act of 2002, or any similar law.

\*       \*       \*

## III. EXCLUSIONS APPLICABLE TO ALL INSURING AGREEMENTS

(C) The Insurer shall not pay **Loss** in connection with any **Claim** based upon, arising from, or in any way related to liability incurred for breach of any oral, written, or implied employment contract; provided, however, that this exclusion shall not apply to liability that would have been incurred in the absence of such contract nor shall it apply to the portion of Loss representing **Defense Costs** incurred to defend against such liability.

---

[3]       Amended by Endorsement PP 00 H433 00 0417.

2879938v.1

*       *       *

15.    The Policy contains Common Terms And Conditions, providing, in part:

## II.      COMMON DEFINIITONS

The following terms, whether used in the singular or plural, shall have the meanings specified below

*       *       *

- **"Defense Costs"** means:

    **(1)** Reasonable legal fees and expenses including but not limited to e-discovery expenses, incurred in the defense or appeal of a **Claim**;
    **(2)** **Extradition Costs**; or
    **(3)** the costs of appeal, attachment or similar bonds, provided that the Insurer shall have no obligation to furnish such bonds.

    However, **Defense Costs** shall not include:

    **(a)** salaries, wages, remuneration, overhead or benefit expenses associated with any **Insureds**;
    **(b)** any fees, expenses or costs which are incurred by or on behalf of a party which is not a covered **Insured**; or
    **(c)** any fees, expenses or costs which were incurred prior to the date on which the Insurer received written notice of **Claim** from the **Insured**.

*       *       *

- **"Employee"** means any natural person who was, is or shall become a(n):

    **(1)** Employee of an **Insured Entity** including any full time, part time, seasonal, temporary, leased, or loaned employee; or
    **(2)** Volunteer or intern with an **Insured Entity.**

    However, this definition of **Employee** shall hereby expressly not apply for purposes of the **Non-Liability Coverage Parts.**

15

\*    \*    \*

- **"Insured Entity"** means:

  **(1)** The **Named Entity;** or
  **(2)** Any **Subsidiary.**

    **Insured Entity** shall include any such entity as a **Debtor in Possession**.

    **Insured Entity** shall also include any such entity in its capacity as a general partner of a **Controlled Partnership**.

\*    \*    \*

- **"Loss"** means **Defense Costs** and **Damages**.

- **"Manager"** means any natural person who was, is or shall become a(n):

  **(1)** Duly elected or appointed director, advisory director, board observer, advisory board member, officer, member of the board of managers or management committee member of an **Insured Entity**;
  **(2)** **Employee** in his/her capacity as legal counsel to an **Insured Entity**; or
  **(3)** executive of an **Insured Entity** created outside the U.S. to the extent that such executive holds a position equivalent to those described in (1) or (2) above.

    However, this definition of **Manager** shall hereby expressly not apply for the purposes of the Kidnap and Ransom/Extortion Coverage Part.

\*    \*    \*

- **"Policy Period"** means the period from the Inception Date to the Expiration Date set forth in ITEM 3 of the Declarations or an earlier cancellation date.

\*    \*    \*

16.    On November 6, 2019, Vonachen demanded Twin City defend and indemnify Vonachen in the Underlying Action under the Policy.

16

17.     On January 20, 2020, Twin City issued a denial letter to Vonachen, disclaiming any obligations to defend or indemnify Vonachen under the Policy with respect to the Underlying Action.

18.     On March 18, 2020, counsel for Vonachen responded to Twin City's denial by tendering the Amended Complaint and requesting that Twin City re-evaluate coverage.

19.     Twin City denies it owes Vonachen any defense or indemnity obligation with respect to the claims in the Underlying Action under the Policy.

20.     An actual and justiciable controversy exists between Twin City, on the one hand, and Vonachen, on the other hand, as to the availability of insurance coverage for Vonachen with respect to the claim in the Underlying Action under the Policy, and, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

## COUNT I
## D&O Coverage – Invasion of Privacy Exclusion Bars Coverage

21.     Twin City incorporates and restates the allegations of Paragraphs 1 through 20 above as if fully set forth herein.

22.     Subject to all of its terms, the D&O Coverage Part of the Policy provides Twin City "shall not pay **Loss** under Insuring Agreement (C) in connection with any **Claim** based upon, arising from, or in any way related to any actual or alleged . . . invasion of privacy."

23.     The Policy provides that "[a]ll **Claims** based upon, arising from or in any way related to the same **Wrongful Act** or **Interrelated Wrongful Acts** shall be deemed to be single **Claim** for all purposes under this Policy".

17

24.     The allegations asserted in the Underlying Action constitute a single **Claim** which is based upon, arising from or related in some way to an actual or alleged invasion of privacy.

25.     Consequently, Twin City does not owe any defense or indemnity obligation to Vonachen under the D&O Coverage Part of the Policy with respect to the Underlying Action.

WHEREFORE, Plaintiff, Twin City Fire Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Twin City owes no duty to defend or indemnify Vonachen for the claim in the Underlying Action under the D&O Coverage Part of the Policy; and

B.     For all such just and equitable relief, including costs of this suit.

### COUNT II
### D&O Coverage – Insured v. Insured Exclusion Bars Coverage

26.     Twin City incorporates and restates the allegations of Paragraphs 1 through 20 above as if fully set forth herein.

27.     Subject to all of its terms, the D&O Coverage Part of the Policy provides Twin City "shall not pay **Loss** in connection with any **Claim** brought or maintained by or on behalf of any **Insureds** (in any capacity) or any security holder of an **Insured Entity** . . . ."

28.     The Underlying Action falls within the referenced Insured v. Insured Exclusion.

29.     As such, Twin City does not owe any defense or indemnity obligation to Vonachen under the D&O Coverage Part of the Policy with respect to the Underlying Action.

WHEREFORE, Plaintiff, Twin City Fire Insurance Company, prays that this Court enter the following relief:

18

A.   A declaration finding that Twin City owes no duty to defend or indemnify Vonachen for the claim in the Underlying Action under the D&O Coverage Part of the Policy; and

B.   For all such just and equitable relief, including costs of this suit.

**COUNT III**
**D&O Coverage – Employment-Related Wrongful Act Exclusion Bars Coverage**

30.   Twin City incorporates and restates the allegations of Paragraphs 1 through 20 above as if fully set forth herein.

31.   Subject to all of its terms, the D&O Coverage Part of the Policy provides Twin City "shall not pay **Loss** under Insuring Agreement (C) in connection with any **Claim** based upon, arising from, or in any way related to any actual or alleged employment-related **Wrongful Act**."

32.   The Underlying Action is employment-related insofar as it concerns Vonachen's collection of its employees' biometric data in order to track employees' time, and thus falls within the referenced Employment-Related Acts Exclusion.

33.   Therefore, Twin City does not owe any defense or indemnity obligation to Vonachen under the D&O Coverage Part of the Policy with respect to the Underlying Action.

WHEREFORE, Plaintiff, Twin City Fire Insurance Company, prays that this Court enter the following relief:

A.   A declaration finding that Twin City owes no duty to defend or indemnify Vonachen for the claim in the Underlying Action under the D&O Coverage Part of the Policy; and

B.   For all such just and equitable relief, including costs of this suit.

19

## COUNT IV
## EPL Coverage – Insuring Agreement Has Not Been Triggered

34.     Twin City incorporates and restates the allegations of Paragraphs 1 through 20 above as if fully set forth herein.

35.     Subject to all of its terms, the EPL Insuring Agreement states Twin City "shall pay **Loss** on behalf of the **Insureds** resulting from an **Employment Practices Claim** first made against **Insureds** during the **Policy Period** or Extended Reporting Period, if applicable, for an **Employment Practices Wrongful Act** by the **Insureds**."

36.     Rodriguez does not complain about any **Employment Practices Wrongful Act** in the Underlying Action, as that term is defined under the EPL Coverage Part of the Policy.

37.     Accordingly, Twin City does not owe any defense or indemnity obligation to Vonachen under the EPL Coverage Part of the Policy with respect to the Underlying Action.

WHEREFORE, Plaintiff, Twin City Fire Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Twin City owes no duty to defend or indemnify Vonachen for the claim in the Underlying Action under the EPL Coverage Part of the Policy; and

B.     For all such just and equitable relief, including costs of this suit.

## COUNT V
## EPL Coverage – Breach of Contract Exclusion

38.     Twin City incorporates and restates the allegations of Paragraphs 1 through 20 above as if fully set forth herein.

39.     Subject to all of its terms, the EPL Coverage Part of the Policy provides Twin City "shall not pay **Loss** in connection with any **Claim** based upon, arising from, or in any way related

20

2879938v.1

to liability incurred for breach of any oral, written, or implied employment contract; provided, however, that this exclusion shall not apply to liability that would have been incurred in the absence of such contract nor shall it apply to the portion of **Loss** representing **Defense Costs** incurred to defend against such liability."

40.     To the extent the violation of BIPA claim in the Underlying Action can be considered to arise out of an **Employment Practices Wrongful Act**, which is not the case, coverage is excluded.

41.     Thus, Twin City does not owe any coverage to Vonachen under the EPL Coverage Part of the Policy with respect to the Underlying Action.

WHEREFORE, Plaintiff, Twin City Fire Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Twin City owes no coverage to Vonachen for the claim in the Underlying Action under the EPL Coverage Part of the Policy; and

B.     For all such just and equitable relief, including costs of this suit.


Respectfully Submitted,


By:  /s/ Michael J. Duffy
        Attorneys for Twin City Fire Insurance Company

Michael J. Duffy (6196669) – michael.duffy@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550
(312) 704-1522 (fax)

21

2879938v.1