# Exhibit A

Aaron M. Zigler
  amz@kellerlenkner.com
J. Dominick Larry
  nl@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220
Firm No.: 63925

*Attorneys for Plaintiff and the Putative Class*

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| ANNASTASIA RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VONACHEN SERVICES INC., an Illinois corporation,<br><br>Defendant. | Case No. 2019 CH 12773<br><br>Honorable Raymond Mitchell<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Annastasia Rodriguez ("Plaintiff") brings this First Amended Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Vonachen Services Inc., an Illinois corporation ("Defendant") for violating the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq* ("BIPA"). Plaintiff alleges the following upon personal knowledge as to Plaintiff's own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys:

### NATURE OF THE ACTION

1. Defendant provides labor services in Illinois, operating throughout the state including 1300 4H Park Road, Pontiac, IL 61764.

2

2. Since 2008, it has been illegal in Illinois to collect an individual's biometric information or identifiers—such as a fingerprint, voiceprint, or faceprint—without the individual's informed, written consent. 740 ILCS 14/15(b).

3. Despite the substantial privacy risks created by the collection and storage of biometric data, and the decade-old prohibition on collecting and retaining biometric data in Illinois without informed consent, Defendant uses a biometric time-tracking system that requires its workers throughout Illinois to use their fingerprints as a means of authentication. When Defendant's Illinois workers begin their time with Defendant, Defendant requires them to scan their fingerprints into a time management database.

4. Defendant's scanning and retention of its workers' fingerprints without informed consent is clearly unlawful in Illinois.

5. Plaintiff brings this Complaint seeking an order (i) declaring that Defendant's conduct violates BIPA, (ii) requiring that Defendant cease the unlawful activities described herein and destroy the biometric data it unlawfully collected, and (iii) awarding Plaintiff and the Class statutory damages of $1,000 for each negligent violation of BIPA and $5,000 for each violation found to be willful or reckless, plus their attorneys' fees and costs.

**PARTIES**

6. Plaintiff Annastasia Rodriguez is a natural person and a citizen of the State of Wisconsin residing in Winnebago County.

7. Defendant Vonachen Services Inc. is a corporation existing under the laws of the State of Illinois, with its headquarters and principal place of business located at 8900 N. Pioneer Road, Peoria, IL 61615. Defendant conducts business throughout the State of Illinois.

## JURISDICTION AND VENUE

8.  This Court has personal jurisdiction over the Defendant because Defendant is registered to conduct and does conduct substantial business in Illinois, and this lawsuit arises out of acts and omissions which occurred in Illinois.

9.  Venue is proper in Cook County because Defendant conducts business in Cook County. 735 ILCS 5/2-102(a).

## COMMON FACTUAL ALLEGATIONS

### *The Biometric Information Privacy Act*

10. Enacted in 2008, the Biometric Information Privacy Act regulates two types of biometric data. First, BIPA regulates any "biometric identifier," which means "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry," and specifically excludes a lengthy list of specific identifiers. 740 ILCS 14/10. Second, it regulates any "biometric information," which "means any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id.* Biometric information "does not include information derived from items or procedures excluded under the definition of biometric identifiers." *Id.*

11. BIPA regulates the entire lifecycle of biometric data, from capture and collection to use and disclosure.

12. As to the origination of biometric data, BIPA provides that "[n]o private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first: (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject or the subject's legally authorized representative

in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative." 714 ILCS 14/15(b).

13. BIPA likewise restricts the disclosure of biometric data, providing that "[n]o private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless: (1) the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure; (2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier or biometric information or the subject's legally authorized representative; (3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or (4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction." 740 ILCS 14/15(d).

14. When it comes to exploiting biometric data, BIPA creates even stricter proscriptions. Reflecting an intent to preclude the formation of a market for biometric data, BIPA provides without exception that "[n]o private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." 740 ILCS 14/15/(c).

15. To facilitate the informed notice and consent provisions described above, BIPA also requires that any private entity in possession of biometric identifiers or information must publish a written policy "establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining

such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

16. Finally, given the persistent nature of biometric data and the increased risks that accompany their misuse, BIPA requires that any entity possessing biometric identifiers or information "(1) store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry; and (2) store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e).

17. To remedy the serious but often intangible harms that accompany invasions of biometric privacy rights, BIPA creates a private right of action authorizing "[a]ny person aggrieved by a violation of" the statute to sue and recover for each violation liquidated damages of $1,000, or $5,000 in the event of an intentional or reckless violation, plus attorneys' fees, costs, and appropriate injunctive relief. 740 ILCS 14/20.

*Defendant's Disregard for Workers' Privacy*

18. Despite the recognized danger of using biometric data, Defendant uses a time-tracking system that requires its workers to use their fingerprints as a means of authentication. Unlike a traditional timeclock, workers are required to use their fingerprints to "punch" in and out of work.

19. Defendant fails to inform its workers of the extent and purposes for which it collects their biometric data and whether the data is disclosed to third parties.

20. Defendant similarly fails to maintain a written, publicly available policy identifying its retention schedule for biometric data or providing guidelines for permanently destroying its

6

workers' fingerprints when the initial purpose for collecting or obtaining the workers' fingerprints is no longer relevant, as required by BIPA. Workers who leave the company, as Plaintiff did, do so without any knowledge of when their biometric identifiers will be removed from Defendant's databases, if ever.

21. Defendant's workers are likewise never told what might happen to their biometric data were Defendant ever to go out of business.

22. Because Defendant neither publishes a BIPA-mandated data-retention policy nor discloses the purposes for which it collects biometric data, Defendant's workers have no idea whether Defendant sells, discloses, or otherwise disseminates their biometric data. Nor are Plaintiff and the putative Class told to whom Defendant discloses their biometric data, or what might happen to their biometric data were Defendant to merge with another firm or go bankrupt.

23. On top of its failure to notify workers and the public of the basics of its collection, use, retention, and protection of biometric data, Defendant fails to obtain the written release required by BIPA before collecting its workers' biometric data.

24. Defendant's failure to publish a biometric data-retention policy or obtain written releases from its workers prior to the collection of their fingerprints violates BIPA.

**FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF**

25. Plaintiff Annastasia Rodriguez worked for Defendant at the facility located at 1300 4H Park Road, Pontiac, IL 61764 from on or about December 2016 to November 2017, where Plaintiff was required to use Defendant's timekeeping system.

26. Defendant required Plaintiff to use a fingerprint-based timekeeping system. Thus, every time Plaintiff clocked in or out of a shift, or for a rest or meal break, Defendant captured, collected, or otherwise obtained Plaintiff's biometric identifier.

27. Defendant never informed Plaintiff of the specific purposes or length of time for which Defendant collected, stored, and used Plaintiff's fingerprints.

28. Defendant did not obtain a written release authorizing the collection, capture, other obtainment, or subsequent disclosure of Plaintiff's biometric identifier.

29. Defendant does not make publicly available, and has not made publicly available, any biometric data-retention policy, nor has Defendant informed Plaintiff whether it will ever permanently delete Plaintiff's fingerprints.

30. Plaintiff has continuously and repeatedly been exposed to the harms and risks created by Defendant's violations of BIPA.

## CLASS ALLEGATIONS

31. Plaintiff brings this action individually and on behalf of the following class ("the Class") pursuant to 735 ILCS 5/2-801:

> All individuals who had their fingerprints collected, captured, received, or otherwise obtained by Defendant in Illinois.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

32. **Numerosity**: The exact number of Class members is unknown to Plaintiff at this time, but it is clear that individual joinder is impracticable. Defendant has collected, captured,

received, or otherwise obtained biometric identifiers or biometric information from hundreds of individuals within the Class definition. The exact number of Class members can be easily determined from Defendant's records.

33. **Commonality and Predominance**: Questions of law and fact common to the claims of Plaintiff and the Class predominate over any questions that may affect individual members. Those common questions include:

   a.  Whether Defendant collected or captured the Class members' biometric identifiers or information;

   b.  Whether Defendant maintained a publicly available retention schedule for biometric identifiers or information;

   c.  Whether Defendant informed the Class members that they would collect or capture the Class members' biometric identifiers or information;

   d.  Whether Defendant informed the Class members of the purpose for which they would collect their biometric identifiers or information, or the duration for which they would retain that data; and

   e.  Whether Defendant obtained the written release required by BIPA to collect or capture, use, and store the Class members' biometric identifiers or information.

34. **Fair and Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained competent counsel experienced in complex litigation and class actions under BIPA specifically. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and proposed Class Counsel are committed to vigorously prosecuting this action on behalf of the Class members and have the resources to do so.

35. **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, and joinder of the Class members is otherwise impracticable. The damages suffered by the individual Class members are small relative to the burden and cost of individual

litigation, and individual litigation is therefore infeasible. Even if Class members could sustain individual litigation, it would increase the delay and expense to all parties relative to a class action because of the factual issues raised by the Complaint. A class action presents fewer manageability difficulties and provides economies of scale and uniformity of decisions.

**FIRST CAUSE OF ACTION**
**Violation of 740 ILCS 14/15**
**On Behalf of Plaintiff and the Class**

36. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

37. Defendant is an Illinois corporation and is therefore a "private entity" under 740 ILCS 14/10.

38. Every time Plaintiff and the Class members clocked in or out for a shift, or for a rest or meal break, Defendant obtained a scan of their fingerprints. Those scans mapped the geometry of Plaintiff's and the Class members' fingers, and Defendant used that geometry to identify them as they clock in and out of work. Defendant therefore collected, captured, received through trade, or otherwise obtained Plaintiff's and the Class members' biometric identifiers and biometric information.

39. Prior to collecting, capturing, receiving through trade, or otherwise obtaining Plaintiff's and the Class members' biometric identifiers and biometric information, Defendant did not inform Plaintiff or the Class members or their legally authorized representatives that their biometric identifiers and information would be collected or stored.

40. Prior to collecting, capturing, receiving through trade, or otherwise obtaining Plaintiff's and the Class members' biometric identifiers and biometric information, Defendant did not inform Plaintiff or the Class members or their legally authorized representatives of the specific purpose and length of time for which their biometric identifiers and information were being collected, stored, and used.

41. Prior to collecting, capturing, receiving through trade, or otherwise obtaining Plaintiff's and the Class members' biometric identifiers and biometric information, Defendant did not receive a written release from Plaintiff and the Class members or their legally authorized representatives authorizing the collection, capture, receipt through trade, or other obtainment and use of their biometric identifiers or information.

42. Despite collecting Plaintiff's and the Class members' biometric identifiers and biometric information, Defendant failed and continues to fail to maintain a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of the individual's last interaction with the private entity, whichever comes first.

43. By capturing and collecting, storing, using, and/or disclosing Plaintiff's and the Class members' biometric identifiers and information as described herein, Defendant violated Plaintiff's and the Class members' rights to privacy and property in their biometric data under BIPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully requests that this Court enter an order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing Plaintiff's lawyers as Class Counsel;

B. Declaring that Defendant's actions, as described above, violate 740 ILCS 14/15;

C. Awarding liquidated damages under 740 ILCS 14/20 of $1,000 for each negligent violation of BIPA and $5,000 for each violation found to be willful or reckless;

D. Awarding injunctive and other equitable relief as necessary to protect the Class, including an order requiring Defendant to stop its unlawful collection of biometric data and to delete any such data that was unlawfully obtained;

E. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

F. Awarding Plaintiff and the Class pre- and post-judgment interest; and

G. Awarding such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Date: February 24, 2020

**ANNASTASIA RODRIGUEZ,** individually and on behalf of all others similarly situated,

s/ J. Dominick Larry
One of Plaintiff's Attorneys

Aaron M. Zigler
 amz@kellerlenkner.com
J. Dominick Larry
 nl@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220
Firm No.: 63925